Robertson v. Seevers.

## ROBERTSON *v.* SEEVERS.

Where a person for a valuable consideration, receives the money, and undertakes to enter a particular tract of land, for another, but by mistake, enters and conveys a different tract, he is liable to an action for the money, without the execution and tender of a reconveyance of the land so entered and conveyed by mistake.

Where in an action for money had and received, it appeared that the plaintiff furnished the defendant a certain sum of money, and the defendant undertook to enter a certain tract of land for the plaintiff, for which service the defendant received a compensation; that the defendant, by mistake, entered and conveyed to the plaintiff a different tract; and that plaintiff had not, before bringing the suit, made and tendered a reconveyance of the land; and where the court instructed the jury as follows: " That if defendant agreed to enter for the plaintiff, for hire or compensation, the (describing the land the defend-

ant agreed to enter), and by mistake entered instead thereof, the (describing the land conveyed to the plaintiff), the plaintiff can recover, without making and tendering a deed for said last-mentioned tract to defendant," and refused to give the converse of the proposition contained in the instruction; *Held*, That the instruction was correct.

And where in such a case, the defendant asked the court to instruct the jury as follows: "That if he was acting as agent of the plaintiff, and trying to enter a piece of land for him, and by mistake, entered some other piece of land, he is not liable, if he used the prudence and care that were usually exercised in such cases," which instruction was refused; *Held*, That the instruction was properly refused.

*Appeal from the Poweshiek District Court.*

On the 15th of March, 1854, the defendant herein executed to plaintiff the following receipt:

"OSKALOOSA, March 15th.

"Received of John T. Robertson, fifty dollars, to enter the southwest quarter of northwest quarter of section 8, in township 76 north, range 15 west.    JAS. A. SEEVERS."

It appears that for his trouble in and about entering said lands, plaintiff paid defendant, at the time of executing said receipt, one dollar.    It is further shown, that defendant did obtain from the proper land office, a duplicate in plaintiff's name, for forty acres of land, answering to the above description, except that it was in range 16, instead of range 15. After he had obtained the same, it was, after a short time, handed to plaintiff, and the mis-description was for the first time observed.    The defendant having failed to enter the forty acres described, or to return the money, the plaintiff, after demanding the money or the proper duplicate receipt for said land, brought this suit to recover said fifty dollars, with interest.    The defendant in his answer says, that upon discovering the mistake, he immediately presented the duplicate to the proper land office for correction.    This is substantially denied in the replication, and no proof is shown to have been made on this subject.    There is no proof that before the commencement of the suit, defendant at any time

demanded of plaintiff a deed for the land so entered, or that plaintiff before that time tendered or offered to make such deed. After the suit was commenced, plaintiff executed a deed to defendant, and filed the same as a paper in the cause, for the defendant's use. Whether the alleged mistake has been corrected, is not shown.

No portion of the testimony is made a part of the record. On the trial, it is claimed, that the court gave and refused certain instructions, which giving and refusal to give, the defendant now alleges to have been erroneous. These instructions will be found in the opinion of the court. Plaintiff in the court below, recovered judgment, and defendant appeals.

*Wm. H. & J. A. Seevers*, for the appellant.

*Wm. Loughbridge*, for the appellee.

STOCKTON, J.—The first question raised by the defendant is, as to the correctness of the instruction given by the court, at the request of plaintiff. That instruction was as follows:

" That if defendant agreed to enter for hire or compensation, for plaintiff, the southwest quarter of northwest quarter of section 8, township 73 north, range 15 west, and through mistake entered instead thereof, the southwest quarter of northwest quarter section 8, town 76 north, range 16 west, the plaintiff can recover without making and executing, and tendering a deed for said last-mentioned tract to defendant." The defendant insists that this instruction was erroneous, and that the court should have given the instructions asked by defendant, which are as follows:

" 1. That if the jury find that defendant agreed to enter a piece of land for plaintiff, and before the commencement of this suit, he entered by mistake, another piece of land, of equal amount and value, in the name of plaintiff, the plaintiff to recover, must show that before the commencement of this suit, he made out and tendered to defendant a deed to said land entered by defendant, by mistake; and that he

made a demand of the money deposited, before he can re-
cover."

" 2. That if he was acting as agent of plaintiff, and trying
to enter a piece of land for him, and by mistake entered some
other piece of land, he is not liable, if he used the prudence
and care that were usually exercised in such cases."

It seems, that during the progress of the suit, the plaintiff
executed to defendant a deed of conveyance for the forty
acres of land, purchased by mistake in plaintiff's name; this
deed was filed among the papers of the suit, for defendant's
use. It is contended, however, that plaintiff should have
executed the conveyance and tendered the same to defendant,
before the commencement of the suit. We do not think,
that there was any such obligation resting on the plaintiff.
There was no necessary connection between his right to re-
ceive the money paid to defendant, and the tender of a con-
veyance for the land, the title of which was in him. It was by
no act or consent of plaintiff, that the title of the land became
vested in him. The defendant was the cause of the title be-
coming so vested in plaintiff, and if he wished to divest the
plaintiff of the title, he should himself have taken the neces-
sary steps to bring it about. The rights of the plaintiff, as
they appear to us, are in no respect increased or lessened by
the mistake of the defendant, whereby he, the plaintiff, had
become the unwilling depository of the title of the forty acres
of land. If plaintiff is entitled to recover of defendant the
money paid him, on his failure to comply with his agreement,
we do not see how the plaintiff is to be hindered in his right
so to recover, by a failure to convey to defendant the title of
the forty acres of land, or by the conceded right of defendant
to have the title in himself.

The defendant had taken the money of the plaintiff, and
had agreed to purchase for him a certain piece of land; there
is no excuse shown why he did not perform his contract. It
is not shown that the defendant made any effort to have the
mistake in the entry corrected. It is not shown that it was
not still in the power of defendant to purchase for plaintiff
the land he desired, at the government land office. It was

the duty of defendant, either to enter the land as he had agreed to do, or to refund the money when the plaintiff, after a reasonable lapse of time, demanded of the defendant the duplicate receipt for the land, he had agreed to purchase for him. The defendant must either deliver the duplicate, or refund the money; and on his failure to do either, he is liable to the action of plaintiff, without any further demand.

The second instruction asked for by defendant, we think was properly refused by the court. The suit is brought by plaintiff, to recover back the money paid defendant, and not for damages which plaintiff may have sustained by reason of the failure of defendant to enter the land as agreed upon. Defendant may have been acting as the agent of the plaintiff. He may have made a mistake, and entered the wrong tract of land. He may be entitled to demand and have of plaintiff the title of the forty acres purchased by mistake in the name of plaintiff, but no one of these facts, nor all of them combined, can relieve defendant from his obligation to purchase for plaintiff, the land he had in writing agreed to purchase, or to refund plaintiff his money. The liability of defendant is not to be increased, by the degree of care and diligence used by him in his efforts to enter the right piece of land. It is not a question whether he used the "prudence and care usually exercised in such cases?" The question is, whether defendant has performed his written undertaking with plaintiff, and entered for him the land he had agreed to enter? To assume that defendant is relieved of the responsibility of his undertaking by a mistake, whereby the wrong piece of land was entered for plaintiff, would be to establish a principle, which in its application would produce results the most disastrous. The land by the same kind of mistake, might be entered in the name of some third person; a less quantity than that agreed upon, might be entered; or a tract of land wholly worthless; and the agent might claim exemption from all liability to his employer, with the same show of reason. The plaintiff is not so to be put off; he will not be required to correct for himself the mistakes of defendant. If

the latter cannot perform his agreement according to its spirit and intent, the least that can be required of him, is to refund to the plaintiff the money he has received.

As we have before remarked, the suit is not brought to recover damages sustained by plaintiff, by reason of the failure of defendant to enter the land agreed upon. If the suit had been of such a character, the degree of diligence required of defendant by his undertaking, might be a proper subject of inquiry. In the present cause, we think that question entirely irrelevant.

Judgment affirmed.